UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| LACY BRANCH, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-01735-AGF |
| | ) | |
| WHEATON VAN LINES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

This diversity matter is before the Court on Plaintiff's motion (Doc. No. 11) to remand the case to state court. Plaintiff, a resident of Illinois, brought this action in state court asserting a state law negligence claim arising out of a motor vehicle accident between Plaintiff and an employee of Defendant Wheaton Van Lines, Inc. Defendant is a corporation incorporated and with its principal place of business in Indiana. Plaintiff's state court petition prays for damages "in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), but not to exceed Seventy-Four Thousand Dollars ($74,000.00)," together with costs and interest. (Doc. No. 7 at 3.) Defendant removed the action to this Court invoking the Court's diversity jurisdiction. For the reasons set forth below, Plaintiff's motion to remand will be granted.

## BACKGROUND

Defendant filed its notice of removal on October 14, 2014, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. Defendant asserts that

complete diversity of citizenship exists in this case because Plaintiff is a citizen of Illinois and Defendant is both incorporated and has its principal place of business in Indiana. (Doc. No. 1 at 1-2.) Defendant further asserts that it "believes the amount in controversy of this claim does and will exceed the minimum jurisdictional amount" of $75,000, exclusive of interest and costs, because "Plaintiff refused to stipulate that damages do not and will not exceed $75,000." (*Id.* at 2.) As additional support for the amount in controversy, Defendant asserts that Plaintiff has incurred known medical expenses in the amount of $7,319.30, and "[j]ury verdicts reported in the Missouri Lawyers Weekly indicate cases with medical specials of $0.00 to $8,000.00 have resulted in jury verdicts ranging from $75,000.00 to $175,000.00." (*Id.*)

Plaintiff moved to remand on October 31, 2014. (Doc. No. 11.) She asserts that the amount in controversy in this case does not exceed the jurisdictional minimum of $75,000. (Doc. No. 12 at 2.) Plaintiff argues that Defendant fails to put forth specific evidence to demonstrate the amount in controversy, and Plaintiff's petition and settlement demands in this case have all explicitly requested less than $75,000. (*Id.* at 2-3). Specifically, Plaintiff's petition alleges medical expenses of only $7,319.30 and lost wages of $1,200, the petition's prayer for relief seeks an amount of damages "not to exceed" $74,000, and Plaintiff's settlement demands have ranged from $45,750 to $29,250. (Docs. No. 7, 11-1 &11-2.) Therefore, Plaintiff argues that diversity jurisdiction does not exist in this case.

Defendant has not responded to Plaintiff's motion to remand, and the time to do so has expired.

**DISCUSSION**

In removal cases, the district court reviews the state court petition and the notice of removal to determine whether it has jurisdiction. 28 U.S.C. § 1446(c)(2)(A)(ii); *Ratermann v. Cellco P'ship*, No. 4:09 CV 126 DDN, 2009 WL 1139232, at *3 (E.D. Mo. Apr. 28, 2009). The removing defendant, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied. *Central Iowa Power Co-op v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009). "[A]ll doubts about federal jurisdiction must be resolved in favor of remand." *Id.*

Federal district courts have diversity jurisdiction over all civil actions between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).

Federal courts must strictly construe the amount in controversy requirement, as its underlying purpose is to limit the federal courts' diversity caseload. *Snyder v. Harris*, 394 U.S. 332, 339-40 (1969). To meet its burden with regard to the jurisdictional amount, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(B); *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). "The preponderance of the evidence standard requires a defendant to demonstrate by sufficient proof that a plaintiff's verdict reasonably may exceed the jurisdictional amount." *City of Univ. City, Mo. v. AT & T Wireless Servs., Inc.*, 229 F. Supp. 2d 927, 932 (E.D. Mo. 2004) (citation omitted). Specific facts or evidence are required to demonstrate that the jurisdictional amount is met. *Hill v. Ford Motor Co.*, 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004).

In removal cases based on diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that . . . the notice of removal may assert the amount in controversy if the . . . State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A)(ii). "When the state court petition seeks an unspecified amount of damages, the court must make a factual inquiry into the amount-in-controversy issue," and "[i]n doing so, the court can consider the plaintiff's pre- and post-removal settlement offers, refusals to settle, allegations of serious injuries in the pleadings, and post-removal stipulations, as long as the stipulation can be considered as *clarifying* rather than *amending* an original pleading." *Jackson v. Fitness Resource Group, Inc.*, 4:12–CV–986 DDN, 2012 WL 2873668 at *2 (E.D. Mo. July 12, 2012) (emphasis in original) (citations omitted).

Applying these principles, the Court concludes that Defendant has not satisfied its burden to demonstrate that the amount in controversy exceeds $75,000, and the action must therefore be remanded. Plaintiff's petition explicitly seeks damages in an amount "not to exceed" $74,000, the allegations of medical expenses and lost wages in Plaintiff's pleadings total far less than $75,000, and Plaintiff's settlement demands all fell below $75,000. Defendant's only evidence in support of its assertion that the amount in controversy exceeds $75,000 is Plaintiff's refusal to stipulate to the contrary and a list of jury verdicts in other unrelated cases. The Court finds that this evidence is insufficient to establish the amount in controversy by a preponderance of the evidence. *See Eisenhauer v. Dollar Gen. Corp.*, No. 4:13CV3181, 2014 WL 422643, at *3 (D. Neb. Feb. 4, 2014)

(finding refusal to stipulate to damages less than $75,000, alone, does not prove amount in controversy by a preponderance of evidence); *Leys v. Lowe's Home Centers, Inc.*, 601 F. Supp. 2d 908, 917 (W.D. Mich. 2009) ("Since a defect in subject matter jurisdiction cannot be stipulated to or waived, attempting to force the plaintiff to enter a stipulation regarding the potential amount of damages would serve no effect in determining the actual amount in controversy at the time of removal.") (citation omitted); *Varboncoeur v. State Farm Fire and Cas. Co.*, 356 F. Supp. 2d 935, 946, 946 n.3 (S.D. Iowa 2005) (holding that finding amount in controversy based on defendant's summary of holdings in other cases, without factual information to demonstrate basis for such holdings or to analogize to defendant's case, would "amount to nothing more than rank speculation or conjecture").

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for remand is **GRANTED**. (Doc. No. 11.)

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court of St. Louis, Missouri, in which it was filed.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 17th day of November, 2014.